### J. W. BRITT ET AL. v. F. L. LOWRY.

1. APPEAL BOND.—Where judgment in the District Court is for land and damages, on appeal, the appeal bond must be in double the amount of the money judgment and of costs.
2. SAME.—Judgment below was rendered for a tract of land and $2,600 damages; appeal bond was for $1,000; the costs amounted to $141.38; a motion to dismiss for want of sufficient appeal bond was sustained.

APPEAL from Upshur. Tried below before the Hon. M. H. Bonner.

Motion to dismiss for insufficiency of the appeal bond. The facts are given in the opinion.

*Reaves & Dodd*, for motion.

*M. L. Crawford, contra.*

MOORE, CHIEF JUSTICE.—The appeal bond in this case is

not in double the amount of damages adjudged against appellants in the District Court, and is therefore insufficient to support the appeal. (Paschal's Dig., art. 1491.)

Whether the recovery is for damages to real or personal property, is of no moment. The appeal suspends the judgment and forces appellee to risk the ability of appellant at a future day to pay the amount adjudged against him, if the appeal should be affirmed by this court. The plain language of the several sections of the statute, (Paschal's Dig., arts. 1491, 1492,) authorizing and regulating appeals to this court from judgments of the District Court, shows beyond all question .that while it was the purpose of the Legislature to allow appeals where the judgment was for the recovery of land on a bond "for costs of suit and damages on appeal," that appellants should not delay and endanger appellees in the collection of money adjudged to them, whether for debt or damages, unless bond is given in double the amount of debt or damage "for the prosecution of the appeal with effect, and performing the sentence, judgment, or decree" of this court. Where an appeal is prosecuted from a judgment of the District Court for the recovery of land, the result of the judgment is fully secured to appellee, if the judgment is affirmed in this court, by reason of its operating as a specific lien upon the land pending the appeal. This, unquestionably, is a better security than any character of bond. But it would certainly be most unreasonable to infer, because the recovery of the land, if the judgment is affirmed, has been thus secured beyond all question, that no security whatever is to be given for the damages adjudged for its use and occupation or waste, which may have been recovered in the same action. The statute authorizes it; and usually, as a matter of convenience, the recovery of land and damages for its use and occupation are sought in the same action. But certainly, if the plaintiff chose to do so, he might bring one action for the land and another for mean profits. Certainly no one would insist, if he should recover damages in a suit of this character, that

the defendant could appeal without giving bond in double the amount of the judgment. It would be altogether illogical, as we think, to conclude, because land may be recovered and damages for its use and occupation adjudged in the same action, when this is expressly authorized by the statute, that the judgment is not of the same efficacy and value to the plaintiff as if he had prosecuted to a like result separate suits on the causes of action thus blended. Such, however, would be the result, if we were to hold that this appeal can be maintained by appellants without giving bond in double the amount of the damages adjudged against them. This we cannot do. On the contrary, we have no hesitancy in saying that the motion must be sustained and the appeal dismissed for want of a sufficient bond. And it is so ordered.

Appeal dismissed.

[Justice Bonner did not sit in this case.]